**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LOLETHER CROOMS,

    Plaintiff,

vs.                                                        Case No. 3:07-cv-435-J-32TEM

LAKEWOOD NURSING CENTER, INC.,
a Florida corporation,

    Defendant.

## ORDER[1]

This matter is before the Court on the parties' Joint Motion For Dismissal With Prejudice. (Doc. 20.) This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff seeks unpaid overtime wages, liquidated damages or alternatively prejudgment interest, and reasonable attorney's fees and costs. (Doc. 1.) In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. Dep't of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). See also, Honey v. Stafford Transport of Florida, Inc., No. 3:06-cv-76-J-33TEM, 2006 WL 3708087, at *1

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

(M.D. Fla. Dec. 14, 2006).  However, "*Lynn's Food Stores* addresses judicial oversight of 'compromises' of FLSA claims."  Mackenzie v. Kindred Hospitals East, L.L.C., 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003).  When the defendant represents that it has offered the plaintiff at least full compensation on his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny.  Id.; see also e.g., Park v. American Services Of Central Fla., Inc., No. 6:06-cv-882-Orl-22UAM, 2007 WL 1626349, at *3 (M.D. Fla. June 5, 2007)("[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required").  When a plaintiff receives all past due compensation to which he was arguably entitled under the FLSA, "the settlement is fair."  Aiello v. Daytona Beach Lincoln Mercury, Inc., No. 6:07-cv-1794-Orl-28KRS, 2008 WL 89772, at * 1 (M.D. Fla. Jan. 7, 2008)(however, because the parties did not file the settlement agreement, the court does not approve the settlement agreement as a whole).

Here, the parties' joint motion seeking an entry of an Order dismissing the case with prejudice references a Confidential Settlement Agreement and Release of Claims.  (Doc. 20 at 1.)  The settlement agreement has not been filed with the Court. However, "[p]laintiff represents and acknowledges payment in full for all of his claims, including his claim for overtime pay, damages and attorney's fees and costs."  (Doc. 20 at 1.)  Based upon plaintiff's representation that the settlement agreement pays to

him all past due compensation to which he was arguably entitled under the FLSA and his attorney's fees and costs, the settlement agreement is necessarily "fair," and requires no judicial scrutiny.

Accordingly, it is hereby

**ORDERED:**

1. Joint Motion For Dismissal With Prejudice (Doc. 20) is **GRANTED** and this action is hereby **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of February, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record